## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾x | |
| KAPTAN DEMIR CELIK ENDUSTRISI VE TICARET A.S., | |
| Plaintiff, | Court No. 21-00565 |
| v. | |
| UNITED STATES, | |
| Defendant. | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾x | |

## COMPLAINT

Plaintiff, Kaptan Demir Celik Endustrisi ve Ticaret A.S., ("Kaptan" or "Plaintiff"), by and through undersigned counsel, hereby alleges and states as follows:

### ADMINISTRATIVE DECISION TO BE REVIEWED

1.      Plaintiff seeks review of the of the final results of the U.S. Department of Commerce, International Trade Administration's ("the Department" or "Commerce") countervailing duty administrative review, the final results of which were published in *Steel Concrete Reinforcing Bar From the Republic of Turkey: Final Results of Countervailing Duty Administrative Review and Rescission, in Part; 2018*, 86 Fed. Reg. 53,279 (September 27, 2021).  ("Final Results"), and the accompanying Issues and Decision ("I&D") Memorandum.

### JURISDICTION

2.    This action is filed pursuant to 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and 1516a(a)(2)(B)(iii). The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

**STANDING OF PLAINTIFF**

3.    Plaintiff is a Turkish producer and exporter of steel concrete reinforcing bar ("rebar" or "subject merchandise") from the Republic of Turkey ("Turkey").  Plaintiff participated in the Department's proceeding that resulted in the challenged determination as a mandatory respondent through the filing of questionnaire responses and briefs.  Therefore, Plaintiff is an interested party as described in section 771(9)(A) of the Tariff Act of 1930 ("the Act"), as amended, 19 U.S.C. § 1677(9)(A), and has standing to bring this action under 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

**TIMELINESS OF THE ACTION**

4.    Section 516A(a)(2)(A)(i) of the Act, 19 U.S.C. § 1516a(a)(2)(A)(i), requires that, in actions challenging the Department's determinations pursuant to section 516A(a)(2)(B)(iii), 19 U.S.C. § 1516(a)(2)(B)(iii), regarding administrative reviews, the summons must be filed within 30 days of the date of the date of publication in the Federal Register of the notice of determination. The Department published its final results of administrative review on September 27, 2021.

5.    This action was commenced within 30 days of the date of publication of the Department's Final Results through the filing of a Summons and Complaint on October 19, 2021.  The Summons and the Complaint have been timely filed in accordance with 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and pursuant to Rules 3(a)(2) and 6(a) of the Court's Rules.

**BACKGROUND**

6.      The Department issued a countervailing duty order on rebar from Turkey on November 6,

2014.  *See Steel Concrete Reinforcing Bar from the Republic of Turkey: Countervailing Duty*

*Order,* 79 Fed. Reg. 65,926 (Nov. 6, 2014).

7.      On January 17, 2020, the Department initiated an administrative review of the

countervailing duty order on rebar from China, covering countervailable subsidy benefits

received by Kaptan and other Turkish producers/exporters during the period of review ("POR")

of January 1, 2018, through December 31, 2018.  *See Initiation of Antidumping and*

*Countervailing Duty Administrative Reviews,* 85 Fed. Reg. 3014, 3022 (Jan. 17, 2020)

("Initiation Notice").

8.      Subsequent to the initiation of the proceeding, the Department selected Kaptan and Icdas

Celik Enerji Tersane ve Ulasim Sanayi A.S. ("Icdas"), as the only two mandatory respondents in

the review and issued initial countervailing duty questionnaires to each company (and the

Government of Turkey), accordingly.

9.      On June 5, 2020, Kaptan filed a timely response to the Affiliation Section of the

Department's initial CVD questionnaire.  In this questionnaire response, as required, Kaptan

identified all of its affiliates including the affiliates the company believed fell within the meaning

of cross-owned input suppliers under 19 C.F.R. § 351.525(b)(6)(iv). One of these affiliates was

Nur Gemicilik ve Tic. A.S. ("Nur"), a ship building company that sold the scrap it generated

from its production to Kaptan, which Kaptan used in its production of subject and non-subject

merchandise.  This amount of scrap was extremely miniscule compared to the scrap purchased

from other suppliers.  Given these circumstances, Kaptan stated that it did not believe that Nur

qualified as a "cross-owned input supplier".  As a result, Kaptan stated that it should not be

required to report the subsidies, if any, or provide a full questionnaire response for Nur.

10.  On November 13, 2020, the Department issued a supplemental questionnaire requesting that

Kaptan provide a full questionnaire response for Nur.

11.     On December 15, 2020, Kaptan provided a full initial CVD questionnaire response for

Nur reporting that Nur used certain alleged "Regional Development Subsidies."  Specifically,

Kaptan reported that Nur entered into a Lease and Investment agreement with the local

government whereby Nur was permitted to use land rent free in exchange for meeting certain

investment and employment criteria.

12.     The Department published its Preliminary Results of the administrative review on March

25, 2021.  *Steel Concrete Reinforcing Bar From the Republic of Turkey: Preliminary Results of*

*Countervailing Duty Administrative Review and Intent To Rescind in Part; 2018,* 86 Fed. Reg.

15,921 (Mar. 25, 2021) ("Preliminary Results").  In its Preliminary Results, the Department

preliminarily found that (1) Nur was a cross-owned input supplier of Kaptan within the meaning

of 19 C.F.R. § 351.525(b)(6)(iv); (2) Nur's receipt of rent free land represented a countervailable

subsidy within the meaning of section 771(5) of the Act.; (3) Nur's non-payment of rent during

the POR resulted in a subsidy benefit attributable to Kaptan at an *ad valorem* rate of 2.37

percent.

13.  On July 28, 2021, Kaptan filed its administrative case brief challenging certain decisions

and findings the Department made in the Preliminary Results.  Specifically, Kaptan challenged

(1) the Department's determination that Nur was a cross-owned input supplier under 19 C.F.R. §

351.525(b)(6)(iv); (2) the Department's determination that Nur's rent free land was given

pursuant to Turkish Law 5084; (3) the Department's determination to analyze this program as

goods for less than adequate remuneration rather than revenue foregone; and (4) the benchmark used to calculate the land rent benefit.

14.    On September 27, 2021, the Department published its Final Results assigning a final CVD rate of 1.82% to Kaptan.  *Steel Concrete Reinforcing Bar From the Republic of Turkey: Final Results of Countervailing Duty Administrative Review and Rescission, in Part; 2018* 86 Fed. Reg. 53,279 (September 27, 2021).  In the unpublished I&D Memorandum accompanying the Department's Final Results, the Department rejected Kaptan's arguments with regard to (1) Nur's status as an input supplier, (2) that Nur's rent free land was not countervailable, (3) that, if countervailable, the Department should treat the benefit as revenue foregone rather than a good for less than adequate remuneration and (4) benchmark adjustments.  *See Issues and Decision Memorandum for the Final Results of the Countervailing Duty Administrative Review of Steel Concrete Reinforcing Bar from the Republic of Turkey; 2018* (September 21, 2021).  While the Department rejected some arguments Kaptan made regarding the land benchmark used to calculate the benefit, it agreed with others.  The Department in the Final Results removed certain rental prices in Turkey from the benchmark.  This reduced the rate applied for this program to 1.64%.

## STATEMENT OF CLAIMS

### COUNT ONE

15.    Paragraphs 1 to 14 are adopted and incorporated herein by reference.

16.    The Department's finding that Nur was a cross-owned input supplier pursuant to 19 C.F.R. § 351.525(b)(6)(iv) was unsupported by substantial evidence and otherwise contrary to law.

## COUNT TWO

17.     Paragraphs 1 to 14, and 16 are adopted and incorporated herein by reference.

18.     The Department's finding that Nur's rent free land was regionally specific pursuant to section 771(5A)(D)(iv) of the Act because Nur's land was located in one of the areas that qualifies for the exemption in Law 5084, is unsupported by substantial evidence and otherwise contrary to law.

## COUNT THREE

19.     Paragraphs 1 to 14, 16, and 18 are adopted and incorporated herein by reference.

20.     The Department calculated the benefit for Kaptan's rent free land as a good for less than adequate remuneration in accordance with 19 C.F.R § 351.511 and 771(5)(D)(iii) of the Act. The Department should have instead analyzed this program under as revenue forgone pursuant to section 771(5)(D)(ii) of the Act.

21.   The Department's failure to analyze this program under the revenue forgone statutory provision was unsupported by substantial evidence and was contrary to law.

## COUNT FOUR

22.     Paragraphs 1 to 14, 16, 18, and 20-21 are adopted and incorporated herein by reference.

23.     In calculating the benefit for the land rent program pursuant to 19 C.F.R § 351.511, the Department selected an industrial rent benchmark taken from a Colliers International Real Estate Report for Turkey for 2018.

24.    The Department's selection of this benchmark, and failure to adjust the benchmark to remove rent attributed to buildings rather than land only, was unsupported by substantial evidence and was otherwise contrary to law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court:

(a)    hold that the Department's Final Results are unsupported by substantial evidence and otherwise not in accordance with law;

(b)    remand the Final Results with instructions to issue a new determination that is consistent with the Court's decision; and

(c)    provide such other relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Andrew T. Schutz*___
Andrew T. Schutz
Max F. Schutzman*
Kavita Mohan


GRUNFELD, DESIDERIO, LEBOWITZ
SILVERMAN & KLESTADT LLP

1201 New York Ave., NW, Ste. 650
Washington, DC 20005
(202) 783-6881
and
*599 Lexington Avenue, 36th Floor
New York, NY 10022
(212) 557-4000


Dated: October 19, 2021

7